UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————— x

PLUMBERS AND PIPEFITTERS LOCAL
UNION NO. 719 PENSION TRUST FUND,
on Behalf of Itself and All Others Similarly
Situated,

                  Plaintiff,

    vs.

CONSECO INC., et al.,

                Defendants.

———————————————————— x

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

Civil Action No. 1:09-cv-06966-JGK

CLASS ACTION

MEMORANDUM OF LAW IN SUPPORT
OF THE MOTION OF MONROE COUNTY
EMPLOYEES' RETIREMENT SYSTEM
FOR APPOINTMENT AS LEAD
PLAINTIFF AND APPROVAL OF
SELECTION OF LEAD COUNSEL

## I.    PRELIMINARY STATEMENT

Presently pending before this Court is a securities class action lawsuit (the "Action"), brought on behalf of all purchasers of the common stock of Conseco Incorporated ("Conseco") between August 4, 2005 and March 17, 2008, inclusive (the "Class Period").  The Action alleges violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("the Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") (15 U.S.C. §78u-4 et seq.) and the Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5).

Institutional Investor Monroe County Employees' Retirement System ("Monroe County") hereby moves this Court for an Order to: (i) appoint Monroe County as Lead Plaintiff in the Action under Section 21D(a)(3)(B) of the Exchange Act; and (ii) approve Monroe County's selection of the law firm of Coughlin Stoia Geller Rudman & Robbins LLP ("Coughlin Stoia") to serve as Lead Counsel.

This motion is made on the grounds that Monroe County is the most adequate plaintiff, as defined by the PSLRA.  Monroe County is precisely the type of institutional investor that Congress sought to summon and empower when it enacted the PSLRA.  *See Ferrari v. Impath, Inc.*, No. 03 Civ. 5667 (DAB), 2004 U.S. Dist. LEXIS 13898, at *10 (S.D.N.Y. July 20, 2004) (holding that the purpose behind the PSLRA is best achieved by encouraging institutional investors to serve as lead plaintiffs).  Moreover, as an institutional investor, Monroe County is accustomed to acting as a fiduciary and its experience in legal and financial matters will substantially benefit the class.

- 1 -

During the Class Period, Monroe County incurred a substantial $36,873.21 loss on its transactions in Conseco common stock. *See* Alba Decl., Ex. B.[1] To the best of its knowledge, this is the greatest loss sustained by any moving class member or class member group who has brought suit or filed an application to serve as Lead Plaintiff in this Action. In addition, Monroe County, for the purposes of this motion, adequately satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure in that its claims are typical of the claims of the putative class and that it will fairly and adequately represent the interests of the class.

## II.    FACTUAL BACKGROUND[2]

Conseco, through its subsidiaries, engages in the development, marketing, and administration of supplemental health insurance, annuity, individual life insurance, and other insurance products for senior and middle-income markets in the United States.

The complaint charges Conseco and certain of its officers and directors with violations of the Exchange Act. The complaint alleges that, during the Class Period, defendants issued materially false and misleading statements regarding the Company's financial performance. Specifically, defendants misrepresented and/or failed to disclose the following adverse facts: (i) that the Company was reporting materially inaccurate revenue figures; (ii) that the Company's reported financial results were materially misstated and did not present the true operating performance of the Company; (iii) that the Company's shareholders' equity was materially overstated during the Class Period, including the overstatement of shareholders' equity by $20.6 million at December 31, 2006; and (iv) as a result of the foregoing, defendants lacked a reasonable basis for their positive

---

[1]     References to the "Alba Decl., Ex. __" are to the exhibits attached to the accompanying Declaration of Mario Alba Jr., dated October 5, 2009, and submitted herewith.

[2]     These facts are drawn from the allegations in the complaint.

statements about the Company, its corporate governance practices, its prospects and earnings growth.

On March 17, 2008, the Company disclosed that it did not maintain effective controls over the accounting and disclosure of insurance policy benefits and the liabilities for insurance products and that it would therefore be restating its financial results for the years ended December 31, 2004 and 2006, along with affected Selected Consolidated Financial Data for 2003 and 2004, and quarterly financial information for 2006 and the first three quarters of 2007.

In response to this announcement, shares of the Company's stock fell $1.30 per share, or 12.9%, from a close of $10.06 per share on March 14, 2008, the last trading date before the announcement, to close at $8.76 per share, on extremely heavy trading volume.

## III.    ARGUMENT

### A.    Monroe County Should Be Appointed Lead Plaintiff

#### 1.    The Procedure Required By The PSLRA

The PSLRA has established a procedure that governs the appointment of a lead plaintiff in "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1) and (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(i). Plaintiff in the Action caused the first notice regarding the pendency of the Action to be published on *Business Wire*, a national, business oriented newswire service, on August 6, 2009. *See* Alba Decl., Ex. A. Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. §§78u-4(a)(3)(A) and (B).

- 3 -

Second, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class who the Court determines to be most capable of adequately representing the interests of class members.  *See* 15 U.S.C. §78u-4(a)(3)(B).  In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the person or group of persons that
>
> (aa) has either filed the complaint or made a motion in response to a notice. . .
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii).  *See generally Greebel v. FTP Software*, 939 F. Supp. 57, 64 (D. Mass. 1996).

### 2.    Monroe County Satisfies the "Lead Plaintiff" Requirements of the Exchange Act

#### a.    Monroe County Has Complied with the Exchange Act and Should Be Appointed Lead Plaintiff

The time period in which class members may move to be appointed Lead Plaintiff herein under 15 U.S.C. §78u-4(a)(3)(A) and (B) expires on October 5, 2009.  Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice on August 6, 2009, Monroe County timely moves this Court to be appointed Lead Plaintiff on behalf of all members of the class.

Monroe County has duly signed and filed a certification stating that it is willing to serve as a representative party on behalf of the class.  *See* Alba Decl., Ex. C.  In addition, Monroe County has selected and retained competent counsel to represent itself and the class.  *See* Alba Decl., Ex. D.

Accordingly, Monroe County has satisfied the individual requirements of 15 U.S.C. §78u4(a)(3)(B) and is entitled to have its application for appointment as Lead Plaintiff and approval of selection of Lead Counsel as set forth herein, considered and approved by the Court.

### b. Monroe County Is Precisely the Type of Lead Plaintiff Congress Envisioned When it Passed the PSLRA

The Congressional objective in enacting the lead plaintiff provisions was to encourage large, organized institutional investors to play a more prominent role in securities class actions. *See* H.R. Conf. Rep. No. 104-369, at 34 (1995), reprinted in 1995 U.S.C.C.A.N. 679, 733 ("The Conference Committee believes that increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions.").

Congress reasoned that increasing the role of institutional investors, which typically have a large financial stake in the outcome of the litigation, would be beneficial because institutional investors with a large financial stake are more apt to effectively manage complex securities litigation. Monroe County, as an institutional investor, is precisely the type of Lead Plaintiff Congress envisioned when it passed the PSLRA. *See id.*

### c. Monroe County Has the Requisite Financial Interest in the Relief Sought by the Class

During the Class Period, as evidenced by, among other things, the accompanying signed certification, *see* Alba Decl., Ex. C, Monroe County incurred a substantial $36,873.21 loss on its transactions in Conseco securities. *See* Alba Decl., Ex. B. Monroe County thus has a significant financial interest in this case. Therefore, Monroe County satisfies all of the PSLRA's prerequisites for appointment as Lead Plaintiff in this Action and should be appointed Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(3)(B).

#### d.    Monroe County Otherwise Satisfies Rule 23

According to 15 U.S.C. §78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. *See Lax v. First Merch. Acceptance Corp.*, No. 97-C-2715, 1997 U.S. Dist. LEXIS 11866, at *20, (N.D. Ill. Aug. 11, 1997). Monroe County satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as Lead Plaintiff.

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Typicality exists where the plaintiffs' claims arise from the same series of events and are based on the same legal theories as the claims of all the class members. *See Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir. 1986). Typicality does not require that there be no factual differences between the class representatives and the class members because it is the generalized nature of the claims asserted which determines whether the class representatives are typical. *See Sofran v. LaBranche & Co.*, 220 F.R.D. 398, 402 (S.D.N.Y. 2004) ("The possibility of factual distinctions between the claims of the named plaintiffs and those of other class members does

not destroy typicality, as similarity of legal theory may control even in the face of differences of fact"). The requirement that the proposed class representatives' claims be typical of the claims of the class does not mean, however, that the claims must be identical. *See Ferrari*, 2004 U.S. Dist. LEXIS 13898, at *18.

Monroe County satisfies this requirement because, just like all other class members, it: (1) purchased Conseco securities during the Class Period; (2) was adversely affected by defendants' false and misleading statements; and (3) suffered damages as a result thereof. Thus, Monroe County's claims are typical of those of other class members since its claims and the claims of other class members arise out of the same course of events.

Under Rule 23(a)(4), the representative parties must also "fairly and adequately protect the interests of the class." The PSLRA directs this Court to limit its inquiry regarding the adequacy of Monroe County to represent the class to the existence of any conflicts between the interest of Monroe County and the members of the class. The Court must evaluate adequacy of representation by considering: (i) whether the class representatives' claims conflict with those of the class; and (ii) whether class counsel is qualified, experienced, and generally able to conduct the litigation. *See In re Global Crossing Sec. & ERISA Litig.*, 225 F.R.D. 436, 453 (S.D.N.Y. 2004).

Here, Monroe County is an adequate representative of the class. As evidenced by the injuries suffered by Monroe County and the class, the interests of Monroe County are clearly aligned with the members of the class, and there is no evidence of any antagonism between Monroe County's interests and those of the other members of the class. Further, Monroe County has taken significant steps that demonstrate it will protect the interests of the class: it has retained competent and experienced counsel to prosecute these claims. In addition, as shown below, Monroe County's proposed Lead Counsel is highly qualified, experienced and able to conduct this complex litigation

in a professional manner.  Thus, Monroe County *prima facie* satisfies the commonality, typicality and adequacy requirements of Rule 23 for the purposes of this motion.

### B.    The Court Should Approve Monroe County's Choice of Counsel

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v), the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class he seeks to represent.  In that regard, Monroe County has selected the law firm of Coughlin Stoia as Lead Counsel.  Coughlin Stoia has substantial experience in the prosecution of shareholder and securities class actions, including serving as lead counsel in *In re Enron Corp. Sec. Litig.*, No. H-01-3624, 2005 U.S. Dist. LEXIS 39867 (S.D. Tex. Dec. 22, 2005), in which Coughlin Stoia has obtained recoveries to date which represent the largest recovery ever obtained in a shareholder class action.  *See* Alba Decl., Ex. D. Specifically, the court in *Enron* stated:

> The firm is comprised of probably the most prominent securities class action attorneys in the country.  It is not surprising that Defendants have not argued that counsel is not adequate.  Counsel's conduct in zealously and efficiently prosecuting this litigation with commitment of substantial resources to that goal evidences those qualities is evident throughout this suit.

*In re Enron Corp. Sec. Derivative & "ERISA" Litig.*, 529 F. Supp. 2d 644, 675 (S.D. Tex. 2006).

Accordingly, the Court should approve Monroe County's selection of Lead Counsel.

## IV.    CONCLUSION

For all the foregoing reasons, Monroe County respectfully requests that the Court: (i) appoint Monroe County as Lead Plaintiff in the Action; (ii) approve its selection of Lead Counsel as set forth herein; and (iii) grant such other relief as the Court may deem just and proper.

DATED:  October 5, 2009

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
EVAN J. KAUFMAN
MARIO ALBA JR.


                    /s/ Mario Alba Jr.
_____
              MARIO ALBA JR.

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

[Proposed] Lead Counsel for Plaintiff

VANOVERBEKE MICHAUD & TIMMONY, P.C.
THOMAS C. MICHAUD
79 Alfred Street
Detroit, MI  48201
Telephone:  313/578-1200
313/578-1201 (fax)

Additional Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I, Mario Alba Jr., hereby certify that on October 5, 2009, I caused a true and correct copy of the attached:

Notice of Motion for Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel;

Memorandum of Law in Support of the Motion of Monroe County Employees' Retirement System for Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel;

Declaration of Mario Alba Jr. in Support of the Motion of Monroe County Employees' Retirement System for Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel

to be served: (i) electronically on all counsel registered for electronic service for this case; and (ii) by first-class mail to all additional counsel on the attached service list.

*/s/ Mario Alba Jr.*
Mario Alba Jr.

CONSECO SEC

Service List - 10/5/2009    (09-0134)

Page 1 of  1

**Counsel For Defendant(s)**

Dorothy J. Spenner

Sidley Austin LLP

787 7th Avenue, 22nd Floor

New York, NY  10019

   212/839-5300

   212/839-5599 (Fax)

**Counsel For Plaintiff(s)**

Samuel H. Rudman

David A. Rosenfeld

Evan J. Kaufman

Coughlin Stoia Geller Rudman & Robbins LLP

58 South Service Road, Suite 200

Melville, NY  11747

   631/367-7100

   631/367-1173 (Fax)

Howard S. Susskind

Sugarman & Susskind

100 Miracle Mile, Suite 300

Coral Gables, FL  33134

   305/529-2801

   305/447-8115 (Fax)

Thomas C. Michaud

VanOverbeke Michaud & Timmony, P.C.

79 Alfred Street

Detroit, MI  48201

   313/578-1200

   313/578-1201 (Fax)